IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SIGNODE INDUSTRIAL GROUP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-519-VAC-CJB |
| | ) | |
| POLYCHEM, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is Plaintiff Signode Industrial Group LLC's ("Signode" or "Plaintiff") motion for teleconference to resolve a discovery dispute (the "Motion"). (D.I. 44) The Court has reviewed the relevant briefing, (D.I. 49; D.I. 58; D.I. 69; D.I. 77; D.I. 79), and it heard argument during a teleconference held on July 25, 2022, (D.I. 89, hereinafter, "Tr."). For the reasons that follow, the Court hereby ORDERS that Plaintiff's Motion is DENIED.

With the Motion, Plaintiff seeks entry of a protective order: (a) prohibiting Defendant Polychem, LLC ("Polychem" or "Defendant") from eliciting, receiving or using any of Plaintiff's privileged information that Defendant obtained from Plaintiff's former employee, Flavio Finzo (an inventor on two of the patents-in-suit), and requiring Defendant and its counsel to disclose any such privileged information already obtained from Mr. Finzo; and (b) prohibiting Defendant from eliciting or receiving Plaintiff's confidential information from Mr. Finzo, or using such information (until produced in this case by Plaintiff). (D.I. 49 at 1)

A motion for a protective order is governed by Federal Rule of Civil Procedure 26(c), which provides that "for good cause," the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Rule 26(c) places the burden of persuasion on the party seeking the protective order, who

must show good cause by demonstrating, with specificity, a particular need for protection and that absent the protective order, that the movant will suffer a "clearly defined and serious injury." *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (internal quotation marks and citations omitted); *see also AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, Civil NO. 17-1065-MSG, 2018 WL 2337133, at *1 (D. Del. May 23, 2018).

  First, with regard to Plaintiff's request as it relates to *privileged* information, no good cause has been shown. On the current record, there is no evidence that Defendant has actually received any privileged information from Mr. Finzo or that it is likely that this will happen in the future. (Tr. at 7) To the contrary, Defendant's counsel has stated that: (a) they have advised Mr. Finzo not to reveal any such privileged information to them; (b) they have not received any privileged information from Mr. Finzo; and (c) it would be improper for them to attempt to solicit such privileged information, and so they certainly will not be doing so in the future. (D.I. 58 at 1; Tr. at 6, 40-41) In light of all of this, and in light of the fact that there are rules of professional conduct that would already seem to prohibit Defendant's counsel from attempting to obtain this type of information, the Court does not currently see a need to issue a protective order regarding Plaintiff's privileged information. *Cf. LaPoint v. AmerisourceBergen Corp.*, No. Civ.A. 327-N, 2006 WL 2105862, at *2 (Del. Ch. July 18, 2006); *Postorivo v. AG Paintball Holdings, Inc.*, Civil Action Nos. 2991-VCP, 3111-VCP, 2008 WL 3876199, at *21 (Del. Ch. Aug. 20, 2008).

  Second, with regard to Plaintiff's request as it relates to other *confidential* information, again, the Court concludes that Plaintiff has not demonstrated good cause. It is not unusual that a party might wish to—and be permitted to—speak with a former employee of its litigation

adversary, especially if that former employee has important non-privileged information bearing on the case (even information that is "confidential"). *See Valassis v. Samelson*, 143 F.R.D. 118, 119-26 & n.8 (E.D. Mich. 1992); *PPG Indus., Inc. v. BASF Corp.*, 134 F.R.D. 118, 119-20, 123-24 (W.D. Pa. 1990). While it does not appear disputed that Defendant's counsel has spoken to Mr. Finzo in the past about the matters at issue in this case, Plaintiff was only able to identify one piece of assertedly confidential information that Mr. Finzo is said to have provided to Defendant's counsel (involving Plaintiff's actions in disassembling a prior art device many years ago). (D.I. 49 at 2; D.I. 58 at 2-3; Tr. at 9-10) And even if Mr. Finzo may have (or might in the future) share certain of Plaintiff's confidential information with Defendant's counsel, Plaintiff has failed to explain how, were the Court not to issue a new protective order, this would cause Plaintiff a "clearly defined and serious injury." After all, there is a protective order already in effect in this case. (D.I. 26) And Defendant agrees that any information that is has or will obtain from Mr. Finzo: (a) will be treated as "highly confidential" pursuant to that order; (b) will not be shared with Defendant's employees or any third parties; and (c) if it is to be used in a filing in this case, it will be contained in a document that is at least initially filed under seal. (Tr. at 32-35) So there seems little to no chance that any such information will later become public in a way that will harm Plaintiff. (Tr. at 14) And if Plaintiff wants to know what facts Mr. Finzo actually did share with Defendant's counsel, its attorneys can at least ask Mr. Finzo this during his deposition (to the extent that Defendant will object to such questions and assert the "common interest privilege," the Court takes no position now on whether such an assertion would be meritorious). (D.I. 49 at 1; Tr. at 15-17, 35)

Third, the Court's decision is not impacted (at least for now) by Plaintiff's surprising, post-argument disclosure that a Swiss Court recently granted a temporary restraining order

3

("TRO") against Mr. Finzo that prohibits him from "sharing any trade/or manufacturing secrets of [Plaintiff], including disclosing any facts in connection with the Asserted Patents, the underlying technologies or the evaluation, testing, development, and commercialization thereof to [Defendant or its counsel]." (D.I. 69 at 1; *see also id.*, 69-2 at 5)[1] For one thing, the existence of this order does not help Plaintiff overcome its above-referenced failure to demonstrate how it would suffer a clearly defined and serious injury were a new protective order not now entered. Moreover, it is worth noting that "[i]t is well settled that [foreign law, such as foreign blocking statutes, do not necessarily] deprive an American court of the power to order a party subject to its jurisdiction to produce evidence[,] even though the act of production may violate that [law]." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987); *see also Cadence Pharms., Inc. v. Paddock Labs Inc.*, No. 11-733 (LPS), D.I. 104 at 25-29 (D. Del. Mar. 22, 2012); *Ney v. Owens-Illinois, Inc.,* CIVIL ACTION NO. 16-2408, 2016 WL 7116015, at *3-4 (E.D. Pa. Dec. 6, 2016). And the Court (at least absent further briefing on the issue in the future) is not inclined to alter discovery procedures in this case in light of the Swiss Court's issuance of the TRO. Indeed, the Court is having a hard time seeing how this litigation could reasonably press forward were Mr. Finzo in fact prohibited from "disclosing any facts in connection with the Asserted Patents"; as an inventor on two of the patents-in-suit, his testimony about such facts is likely to be very important in this case.

      For these reasons, the Motion is DENIED.

---

[1] Plaintiff's counsel did not mention that Plaintiff was seeking such an order during the July 25 teleconference, so news of the order's issuance was a surprise to the Court. (D.I. 79 at 2)

Dated: August 10, 2022

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE