**K&L GATES**

PUBLIC VERSION FILED
SEPTEMBER 8, 2022

September 1, 2022

**Via ECF and Hand Delivery**
Honorable Christopher J. Burke
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Steven L. Caponi
steven.caponi@klgates.com

T +1 302 416 7080
F +1 302 416 7020

**Re:**   *Signode Industrial Group LLC v. Polychem, LLC*, No. 22-519-VAC-CJB

Dear Judge Burke:

      I write on behalf of Plaintiff, Signode Industrial Group LLC ("Signode") regarding the discovery hearing currently scheduled for September 6, 2022 at 2:00 p.m. and the preliminary injunction hearing scheduled for October 5, 2022 at 10:00 a.m. For the reasons set forth herein, defendant's Motion to Stay the Preliminary Injunction Proceeding (Dkt. No. 99) is now moot as it relates to the stay requested.

      In the process of preparing a corporate witness in connection with the pending Motion for Preliminary Injunction, including on the topic of ownership over the patents in suit, it came to Signode's attention that Latham & Watkins LLP ("Latham") suffers from an impermissible conflict of interest in representing Polychem, LLC ("Polychem") against Signode. The conflict stems from Latham having served as intellectual property ("IP") counsel for Signode and its predecessor entity. Latham's representation was wide-ranging and involved rendering legal advice regarding the transfer, ownership and licensing of Signode's patent portfolio, including Latham's implementation of the framework for Signode's internal transfers of the IP rights at issue in this case. Polychem and Latham have asserted in this action that Signode does not have standing to sue based on a lack of ownership over the IP. At least the issue of standing is substantially related to the advice Latham provided Signode when serving as outside IP counsel.

      Based on its discussions with Latham, Signode expects to file a disqualification motion in the very near future. Given the gravity of the request and ongoing nature of its investigation, Signode needs additional time to ensure the motion meets the exacting standards expected of this Court. It is clear, however, that the disqualification issue will not be resolved promptly enough to avoid interfering with the Court's consideration of the issues to be addressed at Tuesday's discovery conference and the October 5, 2022 hearing on Signode's Motion for Preliminary Injunction. For this reason, Signode writes to inform the Court that it would like to pull from the

calendar the October 5 hearing and suspend the current schedule until after a resolution of the disqualification issue by either the parties or the Court. Effectively stipulating to the relief sought by Polychem.

Signode has raised the conflict issue directly with Latham, in the form of several letters between the General Counsels of both Signode and Latham, which discussion can be shared with the Court at the appropriate time. With regard to scheduling, Signode requested that Polychem agree to voluntarily suspend the schedule and postpone the October 5 hearing to provide the parties additional time to address the disqualification matter discretely. Despite Polychem continuing to press its Motion to Stay the Preliminary Injunction Proceeding, it has rejected Signode's proposal. *See* Exhibit "A."

In light of the upcoming holiday weekend, the Court being closed on Monday, and the relevance of the matters addressed in this letter to Tuesday's conference, Signode felt obligated to promptly inform the Court of the disqualification issue and its belief that the current schedule is no longer feasible.

As always, counsel is available at the Court's convenience to address the matters raised in this letter and will be prepared to the same during Tuesday's teleconference.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi (No. 3484)

cc: All counsel of record via CM/ECF